UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-10-195 |
| | § | |
| BILLY JOE PEREZ | § | |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

Pending before the Court is Billy Joe Perez' letter motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). D.E. 52. The motion is DENIED.

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) in cases like this one is extremely limited. Dillon v. United States, —U.S.----, 130 S. Ct. 2683, 2687 (2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Id. However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); see also Freeman v. United States, —U.S.----, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. Id.

A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Id. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Perez seeks to apply must, therefore, be listed in that section. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981,

982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. <u>Boe</u>, 117 F.3d at 831.

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). The amendment at issue, § 2D1.1(c), became retroactive on November 1, 2011. Notice of final action regarding amendment to Policy Statement § 1B1.10, effective November 1, 2011, 76 FR 41332-01, July 13, 2011.

Importantly, although the amendment to § 2D1.1(c) became retroactive in November 2011, Perez was sentenced to the statutory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). Although the quantity of drugs that now triggers the statutory minimum was increased from 5 grams to 28 grams by the 2010 amendments to the statute, that change is not retroactive. "[T]he Savings Statute, 1 U.S.C. § 109, provides that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does not apply retroactively." <u>United States v. Doggins</u>, 633 F.3d 379, (5th Cir. 2011). Furthermore, "the Fair Sentencing Act imposes a change in sentencing, not a procedural or remedial change," which does not permit that statute to be applied retroactively. <u>Id</u>. (quoting <u>United States v. Bell</u>, 624 F.3d 803, 815 (7th Cir. 2010)) ("No procedures or remedies were altered by the passage of the FSA."). Although the sentencing range was reduced, because amendment to the statutory minimum sentence was not made retroactive, this Court may not reduce Perez' sentence.

## CONCLUSION

The Court DENIES Perez' motion (D.E. 52) to reduce sentence.

SIGNED and ORDERED this 11th day of January, 2012.

_____
Janis Graham Jack
Senior United States District Judge